IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MEGAN MARY FITTEN,

                Plaintiff,                      OPINION AND ORDER

v.

                                              12-cv-812-wmc

ROBERT EDWARD TUTTLE, JR.,

                Defendant.

---

Plaintiff Megan Mary Fitten has filed a *pro se* complaint seeking compensatory and punitive damages for injuries that Fitten suffered after she was assaulted by the defendant, Robert Edward Tuttle, Jr. Although Fitten has paid the filing fee for this case, a district court is authorized to conduct limited screening and to dismiss a fee-paid complaint, *sua sponte*, if it appears that the allegations are insufficient to establish federal subject-matter jurisdiction. *See Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). In screening any *pro se* litigant's complaint, the court must construe the claims generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For reasons set forth below, this case must be dismissed for lack of jurisdiction.

ALLEGATIONS

Plaintiff Megan Mary Fitten ("Fitten"), formerly known as Megan Waldrop, is a resident of Milton, Wisconsin. Fitten seeks to sue Robert Edward Tuttle, Jr., who reportedly resides nearby in Janesville, Wisconsin.

Fitten alleges that Tuttle injured her during an altercation that involved Fitten's sister, Jennifer Hanlon, who was Tuttle's girlfriend at the time. According to records attached to the complaint, Fitten, Hanlon and Tuttle had a confrontation at approximately 2:10 a.m. on November 10, 2007, outside of a bar ("Rudy's"), which is located in Beloit, Wisconsin. Tuttle reportedly became angry at Hanlon for "attracting too much attention from other males in the bar." When Hanlon began having a panic attack in a nearby parking lot, Fitten attempted to intervene. This enraged Tuttle, who reportedly struck Fitten several times in the face with closed fists and then kicked her in the ribs. When police officers arrived, they observed that Fitten was crying and had "a quarter inch long cut" underneath her nose.

Fitten was treated for a closed-head injury to her face and jaw. She was discharged with pain medication after a CT scan of her head and facial bones disclosed no fracture, dislocation, or intracranial bleeding. Tuttle was charged with misdemeanor battery and disorderly conduct for the incident. *See State v. Robert Edward Tuttle*, Rock County Circuit Court Case No. 2007CM003897. After Tuttle entered a plea of "no contest" to the charges, Fitten provided the court with a victim impact statement and requested restitution in the amount of $1,358.19 for medical bills, a new pair of glasses, and a new cell phone. On June 24, 2008, Tuttle received an 18-month probated sentence and was ordered to pay restitution to Fitten in the amount of $1,358.19.

Fitten now seeks $56,315.72 in compensatory damages from Tuttle to cover medical bills she has incurred as a result of the assault. She also seeks an unspecified amount of punitive damages due to the "vicious" nature of Tuttle's crime.

2

OPINION

Unlike state courts, which have subject-matter jurisdiction over a broad assortment of causes and claims, federal courts are limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In other words, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute." *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence"). Because of the limits on federal judicial power, district courts have a duty to evaluate subject-matter jurisdiction - - even if the parties do not raise this issue - - before reaching the merits of a case. *See Buchel-Ruegsegger*, 576 F.3d at 453.

Federal courts generally have the power to hear two types of cases: (1) those in which a plaintiff alleges a violation of his or her constitutional rights or rights established under federal law; and (2) those in which the parties have diverse citizenship, *i.e.*, where a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. Fitten's complaint does not fit within either category. Even liberally construed, the alleged controversy arises under state law and not the federal constitution or federal laws. Likewise, because both Fitten and Tuttle are citizens of the same state, the parties do not have the requisite diversity of citizenship. It follows that this court

lacks jurisdiction over the subject matter alleged in Fitten's complaint, which must be dismissed pursuant to Fed. R. Civ. P. 12(h)(3).

This does not mean that Fitten is without a remedy for her alleged personal injuries. Rather, it means that she must pursue relief in state, not federal court.

## ORDER

IT IS ORDERED that the complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

Entered this 5th day of April, 2013.

> BY THE COURT:
>
> /s/
> _____
> WILLIAM M. CONLEY
> District Judge